UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTELMO JUAREZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-01709-JPH-KMB |
| ) | |
| ROBERT E. CARTER, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**Order Denying Plaintiff McCaster's *Pro Se* Motion
for Preliminary Injunction**

The complaint that initiated this civil rights action pursuant to 42 U.S.C. § 1983, filed on August 29, 2022, named five plaintiffs in the caption. Dkt. 6. The plaintiffs allege that the water at Pendleton Correctional Facility is contaminated and unsafe to use and drink. *Id.* Specifically, the plaintiffs allege that they have been exposed to water "that has legionella bacteria and other possible bacteria contaminates" in it due to old lead piping. *Id.* at 6. The plaintiffs are represented by recruited counsel in this matter. *See* dkts. 27, 30, 31, 32, 33 (notices of fee agreements); dkt. 28 (order of recruitment). Now before the Court is plaintiff Christopher McCaster's *pro se* motion for preliminary injunction. For the reasons explained below, plaintiff McCaster's motion, dkt. [38], is **DENIED**.

**I. Motion for Preliminary Injunction**

Plaintiff McCaster's request for injunctive relief raises several issues at Pendleton Correctional Facility, but none of these allegations are specifically related to exposure to contaminates in the water. For example, plaintiff McCaster states that "[t]here is a lot of bacteria and mold on walls and bars, [mattresses]

with feces that we sleep on, the toilets with rust and mold, sinks with rust, the air vents blow out mold because the vent[s] are covered, no soap, no cup, no spoon, can't wash cloth[es], no toothpaste or toothbrush, don't get tissue." Dkt. 38 at 1. Plaintiff McCaster then describes an incident that occurred on March 28, 2023, in which he alleges he was assaulted and subjected to excessive force when he was sprayed with a chemical agent. *Id.* at 2. He states that all of his legal mail and property were taken as a result of the incident. *Id.*

Plaintiff McCaster moves the Court to schedule an emergency telephonic conference, to order that relevant pictures and video be sent from the facility to the Court, and to order a private investigator. *Id.* at 1-2.

## II. Legal Standard and Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff must first show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

Here, the Court need not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be

2

held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Plaintiff McCaster's motion does not raise issues about his exposure to contaminated water or exposure to an outbreak of legionnaires' disease. Injunctive relief is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." *Id.*; *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (A court may grant a motion for injunctive relief only if there is a relationship between the injury claimed in the motion and the conduct alleged in the complaint). Accordingly, this Court lacks authority to grant the relief requested, and plaintiff McCaster's motion must be **DENIED**. *See DeBeers Consol. Mines*, 325 U.S. at 220.

If plaintiff McCaster wishes to pursue any of the allegations raised in his motion, he must do so by filing a separate civil action.

### III. Conclusion

Plaintiff McCaster's *pro se* request for preliminary injunctive relief concerning the issues raised in his motion are unrelated to the contaminated water claims that proceed in this action. Moreover, plaintiff McCaster is represented by recruited counsel. Therefore, submissions on his behalf must be filed with the Court through his recruited counsel. Because plaintiffs have the benefit of counsel, any future *pro se* motions may be summarily denied. For these

reasons, plaintiff McCaster's *pro se* motion for preliminary injunction, dkt. [38],

is **DENIED**.

**SO ORDERED.**

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTELMO JUAREZ
171864
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DOUGLAS SMITH
232088
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

SEBASTIAN SMITH
266904
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

CHRISTOPHER MCCASTER
210738
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

JWAUN POINDEXTER
149218
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel